IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RUSSELL V. SCUDDER,**

        **Plaintiff,**

        **vs.**                                        **CIV. No. 97-0774 JP/RLP**

**THE UNITED STATES OF AMERICA,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

The subjects of this Memorandum Opinion and Order are Plaintiff's "Motion for Certification for an Interlocutory Appeal" [Doc. No. 36], Plaintiff's "Notice of Appeals" [Doc. No. 34], and Plaintiff's "Motion for Mandamus Order and a 120 Day Stay in Proceedings" [Doc. No. 35].

### I. Plaintiff's Motion for Certification for an Interlocutory Appeal

On June 11, 1998 Plaintiff filed a motion requesting certification for an interlocutory appeal regarding this court's order of April 29, 1998, which dismissed Plaintiff's claims brought under the Vietnam Era Veterans' Readjustment Assistance Act of 1974 ("VEVRA"). The VEVRA claims were dismissed because I found that the act did not provide for a private cause of action. Plaintiff asserts that VEVRA does allow a private cause of action because it adopts certain sections of the Rehabilitation Act, which authorizes a private cause of action. Plaintiff argues that there is substantial ground for difference of opinion on this matter, and for this reason he requests certification for an interlocutory appeal under 28 U.S.C. § 1292(b).

The Tenth Circuit recently resolved the conflict between VEVRA and the Rehabilitation

Act, finding that VEVRA did not adopt the Rehabilitation Act's waiver of sovereign immunity. *Suazo v. Regents of University of California*, No. 97-2211, 1998 WL 339714 at *1 (10th Cir. Jun. 24, 1998).  Because VEVRA does not contain a waiver of sovereign immunity, the act does not provide for a private cause of action. *See Suazo* at *1.   Due to the Tenth Circuit's resolution of this issue, there does not appear to be ground for a substantial difference of opinion and Plaintiff's motion for certification for an interlocutory appeal should be denied.

**II. Plaintiff's Appeal of Magistrate's Order Denying Request for Appointed Attorney**

On March 13, 1998, Plaintiff requested that the Magistrate Judge appoint an attorney to assist him under 42 U.S.C. § 2000e-5 (f) [Doc. No. 20].  Plaintiff's request was denied [Doc. No. 26], and Plaintiff filed a motion to reconsider [Doc. No. 29], which was also denied.  Plaintiff appeals the denial of his request, stating that his limited finances, unsuccessful attempts to find counsel, and  inability to try his own case all require the court to appoint counsel to assist him.  Plaintiff's appeal should be denied, as the Magistrate's Order is well reasoned and supported by case law.

**III.  Plaintiff's Motion for Mandamus Order and 120 Day Stay in Proceedings**

Plaintiff has requested that I issue an order requiring the Secretary of the Department of Agriculture to reopen, investigate, and adjudicate Plaintiff's complaints [Doc. No. 35, filed June 5, 1998].  After reviewing Plaintiff's arguments, I find that they are without merit and that the motion for a mandamus order should be denied.  Because a mandamus order is not necessary, there is no need for a 120 day stay in proceedings.

IT IS THEREFORE ORDERED that:

(1) Plaintiff's request for certification for an interlocutory appeal [Doc. No.36 ] is DENIED;

(2) Plaintiff's appeal of Magistrate's order denying request for an appointed attorney [Doc. No. 34] is DENIED;

(3) Plaintiff's motion for a mandamus order and 120 day stay in proceedings [Doc. No.35 ] is DENIED.

*James A. Parker*
UNITED STATES DISTRICT JUDGE